Argued and submitted January 12, reversed and remanded for reconsideration of penalty and attorney fees; otherwise affirmed August 8, 1990

In the Matter of the Compensation of
Maria R. Porras, Claimant.

CASTLE & COOK, INC.,
*Petitioner,*

*v.*

Maria R. PORRAS,
*Respondent.*

(84-11249; CA A60731)

796 P2d 662

Peter A. Ozanne, Portland, argued the cause for petitioner. With him on the brief were Delbert J. Brenneman and Schwabe, Williamson & Wyatt, Portland.

Richard M. Walsh, Salem, argued the cause for respondent. With him on the brief was Olson, Rowell & Walsh, Salem.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

In this Workers' Compensation case, the Board granted claimant permanent total disability (PTD), concluded that employer's unilateral reclassification of certain payments was improper and assessed attorney fees and a penalty against employer. Employer petitions for review. We reverse and remand for reconsideration of the penalty and attorney fees and otherwise affirm.[1]

Claimant suffered a compensable injury at employer's plant on June 16, 1982. A determination order on January 21, 1983, awarded her temporary total disability (TTD) but deferred a finding on permanent disability until more medical evidence was available. After undergoing tests in June, 1983, related to the 1982 injury, claimant suffered a cerebral vascular accident (CVA) while in the hospital. After the CVA, claimant had a series of colonic seizures. Medication brought those under control, but claimant continued to have what she described as seizure activity. Employer denied compensability of the CVA, the seizures and a related psychological condition. On July 23, 1984, a second determination order was issued awarding additional TTD and 45 percent unscheduled permanent partial disability (PPD) for the 1982 injury. The determination order did not include the CVA.

On February 25, 1985, a referee found the CVA compensable. In May, 1985, employer unilaterally decided to redesignate PPD previously paid on the June 16 injury as TTD and stopped paying PPD. A third determination order was issued on November 19, 1985, which included both the 1982 injury and the CVA. The order awarded additional TTD and 50 percent PPD. Both parties appealed that order. A referee found 85 percent PPD and that claimant had become medically stationary on July 8, 1985. The referee also held that employer's unilateral redesignation of benefits was proper. Both parties requested Board review, and the Board affirmed the referee, except that it determined that the medically stationary date was June 4, 1985. On claimant's petition for review, we remanded to the Board for reconsideration in

---

[1] Claimant asks that we change the date on which she became medically stationary for purposes of PTD. There is no record of claimant making the request below, nor did she cross-petition for review. ORAP 5.45(2). Accordingly, we do not address the issue.

the light of the substantial evidence standard of review. *Porras v. Castle & Cook, Inc.*, 91 Or App 526, 755 P2d 154 (1988). On reconsideration, the Board awarded PTD under the "odd lot" doctrine.[2] It also held that employer's unilateral redesignation of benefits was improper and awarded attorney fees and a penalty.

■　　　　Employer does not contest compensability of the CVA, only of the subsequent seizures. It claims that the Board's findings that the seizures were compensably related to the June 16, 1982, injury and the CVA were unreasonable and contrary to the overwhelming weight of the evidence. We understand employer's argument to mean that the Board's finding is not supported by substantial evidence.

No doctor was able to find an organic explanation for the seizures. The Board concluded that claimant was not faking them, and that finding is supported by substantial evidence in the record in the opinions of claimant's treating internist, neurologist, neurosurgeon and a consulting neuropsychiatrist.[3]

The Board also found that claimant's psychological condition, to which the seizures could be attributed, was compensably related to the CVA and, hence, to the industrial injury. There was conflicting testimony from doctors on both sides. In concluding that the psychological disorder was related to the industrial injury, the Board relied on testimony

---

[2] Except when designated otherwise hereafter, when we refer to the Board's "order," we mean the order on reconsideration after our remand.

[3] Employer contends that the Board's discounting of Dr. Pavaresh's opinion with regard to the voluntariness of the seizures was erroneous. However, if there is substantial evidence to support a finding of fact, the Board need not find in accordance with every expert opinion. It is sufficient for the Board to find, as it did here, that the treating doctors had a better opportunity to assess the particular condition in this case.

Employer also contends that the Board erred in accepting Pavaresh's opinion on one aspect of a case but in rejecting it on another aspect. Claimant correctly points out that the Board

"is free to analyze each question and medical issue separately and to fully consider all rationales, arguments, and proof on each issue before reaching a decision. The fact that the [B]oard found [a doctor's] opinions * * * persuasive on some issues does not bind the referee from considering all the evidence on [the] remaining issues." (Emphasis deleted.)

That would not be so if a subsequent finding could only flow from factors necessarily rejected by the initial finding, which is not the case here.

by a doctor who had been seeing claimant for an extended period and the consulting neuropsychiatrist. That evidence supports the Board's conclusion that the psychological condition is related to the CVA and is, therefore, compensable.

■ Employer next contends that the Board erred when it ruled that employer could not unilaterally redesignate previously paid PPD as TTD. We agree with the Board. After the first determination order, employer was required to pay 45 percent PPD. That determination did not include the CVA. Employer claims that the referee's determination that the CVA was compensable reopened the claim, thus changing the medically stationary date. Employer reasons that that change created an obligation to pay TTD, rather than PPD.

Initially, we note that the order finding the CVA compensable did not address the effect on the July 23, 1984, determination order directing employer to pay PPD. The Board correctly pointed out that "[t]he issue here is not whether the employer may recover an overpayment of PPD by offsetting it against current or future compensation benefits due. Rather, the issue is whether the employer may do so without prior approval * * *." Generally, an employer "may not recoup overpayments without prior authorization from the Board, the referee or the Workers' Compensation Department." *Spivey v. SAIF,* 79 Or App 568, 571, 720 P2d 755 (1986). When unilateral action on the part of the employer is permitted, it is clearly spelled out in the statute. *See, e.g.,* ORS 656.268(3)(a). There is no statutory permission for an employer to act unilaterally in this situation.

■ Because of the invalid unilateral reclassification of payments, the Board assessed a penalty, ORS 656.262(10), and attorney fees. ORS 656.382(1). The levying of a penalty depends on whether the employer had a legitimate doubt as to its liability for the payments. Under that legal standard, the Board made a factual finding, which we review for substantial evidence support. *Brown v. Argonaut Insurance Company,* 93 Or App 588, 591, 763 P2d 408 (1988).

Employer contends that it relied on rules governing unilateral reclassification of PPD in the *aggravation* context. *Former* OAR 436-54-232(1). Additionally, after the reclassification had been made, employer conferred with the

Compliance Division, which agreed that the action was appropriate. The Board concluded that employer "offered no reasonable explanation for its unauthorized, unilateral offset against TTD compensation awarded by the prior Referee's Opinion and Order." The Board based its conclusion on the fact that employer consulted with the division only *after* it had acted unilaterally. While that adequately explains why the Board rejected that explanation, it does not explain why the Board rejected employer's explanation that it had relied on *former* OAR 436-54-232(1). Therefore, we remand for the Board to consider that argument.[4]

Reversed and remanded for reconsideration of penalty and attorney fees; otherwise affirmed.

---

[4] Employer's remaining assignment of error is without merit.