Argued and submitted November 14, 1990, affirmed February 27, 1991

In the Matter of the Compensation of
Brenda M. Huntley, Claimant.
INTERNATIONAL PAPER COMPANY,
*Petitioner,*

*v.*

Brenda M. HUNTLEY,
*Respondent.*

(WCB No. 88-11369; CA A64041)

806 P2d 188

Paul L. Roess, Portland, argued the cause for petitioner. With him on the brief was Acker, Underwood, Norwood & Hiefield, Portland.

Karen M. Werner, Eugene, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of a Workers' Compensation Board order that required it to pay temporary disability, penalties and attorney fees under ORS 656.262(10). We affirm.

Claimant began working for employer on November 17, 1986, as a tree grader. At that time, she was re-entering the work force after having taken several years off to care for her family. She understood that the job was seasonal. She stopped working January 7, 1987, because of a cervical strain and carpal tunnel syndrome. She would have been laid off anyway on March 4, 1987. On July 15, 1988, a referee held that her conditions were compensable. Employer, however, paid no compensation after April 15, 1987. Claimant sought and received penalties and attorney fees for unreasonable failure to pay compensation; employer was also ordered to pay temporary disability benefits.

■     Employer's theory is that claimant was not a worker entitled to compensation, because she lost no wages after March 4, 1987, when she would have been laid off. Those who have withdrawn from the work force are not entitled to disability benefits, because benefits are intended to replace lost income. *Dawkins v. Pacific Motor Trucking*, 308 Or 254, 778 P2d 497 (1989). The Board correctly held that employer must continue to pay temporary disability benefits, even after claimant would have been laid off, because no statutory basis for terminating payments existed. After she would have been laid off, claimant continued to meet all the requirements to receive compensation: She was not working, she had not been released for work and her claim had not been closed. ORS 656.268. The power to terminate compensation payment depends on statutory authority. Here, there was none.

■     Employer also argues that the Board erred in imposing penalties and attorney fees under ORS 656.262(10), which provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

An employer's refusal to pay is not unreasonable if it has a legitimate doubt about its liability. *Castle & Cook, Inc. v. Porras,* 103 Or App 65, 796 P2d 662 (1990). Employer contends that it had a legitimate doubt, because it relied on the advice of counsel. We disagree. Employer's attorney is its agent, and employer, as principal, cannot hide behind the incorrect advice of its agent. *Free v. Wilmar J. Helric Co.,* 70 Or App 40, 688 P2d 117 (1984), *rev den* 298 Or 553 (1985).

Affirmed.