Argued and submitted December 11, 1991, reversed and remanded for reconsideration March 18, 1992

In the Matter of the Compensation of
Peter O. Odighizuwa, Claimant.

## TRI-MET, INC.,
*Petitioner,*

*v.*

## Peter O. ODIGHIZUWA,
*Respondent.*

(89-11253, 89-11254; CA A68812)

828 P2d 468

Jerald P. Keene, Portland, argued the cause for petitioner. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

Karen Stolzberg, Portland, argued the cause for respondent. With her on the brief was Goldberg & Mechanic, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Employer seeks review of an order of the Workers' Compensation Board awarding claimant a penalty and attorney fees for an unreasonable denial. ORS 656.262(10); ORS 656.382(1).[1] It argues that the Board erred as a matter of law. We reverse.

Claimant, a bus driver, sustained injuries in a collision between the bus that he was driving and a car driven by another employee of employer that was chasing the bus. There are conflicting eyewitness accounts of the events preceding the collision. Employer argued that, before the collision occurred, claimant had been relieved of his duties as a result of a conflict with another employee and had been directed not to drive the bus to the bus barn. Claimant argued that he was acting within the scope of his employment when the collision occurred. Employer denied compensability[2] on the basis of the version of its witnesses. The referee found claimant credible and set aside the denial. Employer sought review, and claimant requested penalties and attorney fees for an unreasonable denial.

---

[1] ORS 656.262(10) provides, in part:

"(a) If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due."

ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

[2] ORS 656.005(7) provides, in part:

"(a) A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"* * * * *

"(b) 'Compensable injury' does not include:

"(A) Injury to any active participant in assaults or combats which are not connected to the job assignment and which amount to a deviation from customary duties."

The Board affirmed the order setting aside the denial and held that employer's denial was unreasonable. It said:

"The standard for determining an unreasonable denial is whether the employer had a legitimate doubt as to its liability. Unreasonableness and 'legitimate doubt' are to be considered in light of all the evidence available to the employer at the time. * * *

"* * * * *

"Here, the employer knew that claimant's bus had been involved in an accident with another of the employer's vehicles. Moreover, the employer was aware that claimant had suffered an injury as a result of the accident. Inasmuch as the employer had knowledge of the accident, it had no basis for questioning the compensability of the injury.

"Accordingly, we conclude that at the time the employer issued its denial, the medical and legal information available to it did not raise a legitimate doubt as to the compensability of claimant's right knee, right hip, and low back injury. Therefore, we find that the issuance of the denial was unreasonable. Penalties and related attorney fees will be assessed. ORS 656.262(10); 656.382(1)." (Citations omitted.)

On reconsideration, the Board adhered to its order with this clarification:

"The gist of this case is that under claimant's version of the events in question, he sustained a compensable injury; under his supervisors' version of the events in question, the injury is not compensable. The Referee, in his order, acknowledged that the case had to be resolved based on credibility. He specifically found claimant credible based on claimant's demeanor. In contrast, he found the supervisors not credible. In other words, he found that the supervisors were lying and claimant was telling the truth.

"The denial was based on the supervisors' version of the facts. Because the supervisors were not telling the truth, there was no reasonable basis for the denial. As the Court of Appeals recently said of an attorney who was the employer's agent:

" 'Employer contends that it had a legitimate doubt, because it relied on the advice of counsel. We disagree. Employer's attorney is its agent, and employer, as principal, cannot hide behind the incorrect advice of its agent.' *International Paper Company v. Huntley*[, 106 Or App 107, 806 P2d 188 (1991)].

"Similarly, the employer must be charged with the actions of its agents who were claimant's supervisors and who, presumably, knew that the claim was compensable."

In rendering its opinions, the Board adopted the referee's findings of fact and the reasoning on the issue of compensability. The referee said:

"By contrast, I am not satisfied that employer's witnesses could have seen or heard many of the things to which they testified because of the activities in which they were engaged at the time or their distance from the scene. I do not find the testimony of Bishop, Radford, light rail supervisor Frailey, or road supervisor Pool, trustworthy concerning the events at the time. Further, the Tri-Met supervisors had no authority other than what they took upon themselves to chase the bus after it left the terminal. The inconsistencies in their testimony and their demeanor while testifying undercut the credibility of their testimony. Supervisor Renner's report contains various inaccuracies and is based almost exclusively upon the conclusions and statements of the supervisors involved."

Employer argues that the Board erred in assessing penalties and attorney fees for an unreasonable denial when, at the time of the denial, reasonable doubt existed as to the credibility of witnesses and compensability turned on the resolution of the credibility issues. Employer also contends that the knowledge by its supervisors is not imputable to it for the purposes of evaluating the validity of a claim. Claimant argues that employer did not have a reasonable basis for denial of the claim, because the employer depended on statements of employees who were determined by the referee not to be credible.

In *Brown v. Argonaut Insurance Company*, 93 Or App 588, 591, 763 P2d 408 (1988), we said, regarding whether a denial is unreasonable:

"We review for errors of law in examining whether the Board applied the correct legal standard. ORS 183.482(8)(a). That standard is whether * * * [the employer] had a legitimate doubt as to its liability. If so, the denial was not unreasonable. 'Unreasonableness' and 'legitimate doubt' are to be considered in the light of all the evidence available to the insurer." (Citations omitted.)

The proper focus in this case is on the evidence available to employer at the time of the denial.[3] *Ginter v. Woodburn United Methodist Church*, 62 Or App 118, 122, 659 P2d 434 (1983).

■ In its order on reconsideration, the Board held that the denial was based on the supervisors' version of the facts and that their knowledge of the true facts was imputable to employer. Therefore, employer's denial was unreasonable. An agent's knowledge may be imputable to the principal, even if the agent does not communicate the information to the principal. However, the knowledge of an agent is imputable only if it is about matters within the agent's authority as agent. *Hogan v. Alum. Lock Shingle Corp.*, 214 Or 218, 228, 329 P2d 271 (1958); *Phillips v. Colfax Company, Inc.*, 195 Or 285, 300, 243 P2d 276, 245 P2d 898 (1952).[4]

■ The Board adopted the referee's conclusion that the supervisors had no authority to chase the bus after it left the terminal. However, the Board made no findings about whether the knowledge of supervisors Pool, Frailey or Renner could be imputed to employer on the basis of their authority. Also, the Board's reliance on *International Paper Co. v. Huntley*, 106 Or App 107, 806 P2d 188 (1991), is misplaced. In that case, the employer contended that it had a legitimate doubt, because it had relied on the advice of counsel. We held that the employer could not hide behind the incorrect advice of its agent. This case does not involve reliance on the advice of counsel. Rather, it involves the imputation of knowledge by the supervisors to the principal on the issue of the reasonableness of a denial.

---

[3] An insurer may reasonably deny a claim but later obtain information that makes continuation of the denial unreasonable. *See Brown v. Argonaut Insurance Company, supra*, 93 Or App at 592. Claimant does not contend that employer here ever had obtained that sort of information.

[4] In *Colvin v. Industrial Indemnity*, 301 Or 743, 725 P2d 356 (1986), the court held that knowledge of a claimant's injury may be imputed to an employer on the basis of apparent authority, if the employee who received the information had supervisory authority over the claimant. *Colvin* dealt only with the issue of whether a supervisor's knowledge should be imputed to an employer for purposes of a timely notice of a claim. Here, the issue is whether the supervisors' knowledge should be imputed to employer for the purpose of deciding whether employer had a reasonable basis for denying the claim.

We conclude that the Board erred when it imputed the knowledge of the supervisors to employer without determining the scope of their authority. The Board is required to make findings on that issue in order to make a determination of whether employer had a legitimate doubt about its liability. *See SAIF v. Barajas*, 107 Or App 73, 810 P2d 1316 (1991).

Reversed and remanded for reconsideration.