Argued and submitted March 10, affirmed May 17, 1995

In the Matter of the Compensation of
Sheila A. St. Clair, Claimant.

SAIF CORPORATION
and Oregon Health Sciences University,
*Petitioners,*

*v.*

Sheila A. ST. CLAIR,
*Respondent.*

(WCB 93-03298; CA A83803)

894 P2d 1264

Michael O. Whitty, Special Assistant Attorney General, argued the cause for petitioners. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Meagan Flynn argued the cause for respondent. With her on the brief was Pozzi Wilson & Atchison.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Employer seeks review of an order of the Workers' Compensation Board that awarded claimant a penalty under ORS 656.268(4)(g), because her award of permanent partial disability was increased on reconsideration by the Department of Insurance and Finance (Department).[1] We affirm.

Claimant suffered a compensable injury to her low back. When her condition became medically stationary, employer issued a notice of closure awarding her 14 percent unscheduled permanent partial disability. The award was based on the range of motion measurements from an examination by her treating physician. Claimant requested reconsideration of the award. Pursuant to ORS 656.268(7), she was examined by a panel of medical arbiters. On reconsideration, the Department applied the range of motion measurements of the arbiters and increased the award to 24 percent. Because the increase in the award resulted in an increase in claimant's compensation of more than 25 percent and because she was determined to be at least 20 percent disabled, the Board awarded her a penalty under ORS 656.268(4)(g). The Board refused to apply OAR 436-30-050(12) and (13), which would have precluded imposition of a penalty under these circumstances, based on its conclusion in a previous case that the rule was invalid.

The pertinent statute is ORS 656.268(4)(g), which provides:

"If, upon reconsideration of a claim closed by an insurer or self-insured employer, the department orders an increase by 25 percent or more of the amount of compensation to be paid to the worker for permanent disability and the worker is found upon reconsideration to be at least 20 percent permanently disabled, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be then due the claimant."

---

[1] The Department has since been renamed the Department of Consumer and Business Services.

The administrative rule on which employer relies, OAR 436-30-050 provides, in part:

"(12) If upon reconsideration of a Notice of Closure there is an increase of 25 percent or more in the amount of permanent disability compensation from that awarded by the Notice of Closure, and the worker is found to be at least 20 percent permanently disabled, the insurer shall be ordered to pay the worker a penalty equal to 25 percent of the increased amount of permanent disability compensation. *If an increase in compensation results from new information obtained through a medical arbiter examination or from the promulgation of a temporary emergency rule, penalties will not be assessed.*

"(13) For the purpose of section (12) of this rule, a worker who receives a total sum of 64 degrees of scheduled and/or unscheduled disability shall be found to be at least 20 percent disabled." (Emphasis supplied.)

The parties agree that the increase in claimant's award did not result from any misconduct by insurer; rather, it resulted from the new information obtained from the panel of medical arbiters. Employer argues that because of that, the Board erred in imposing a penalty here.

The Board concluded that it was required by the statute to impose a penalty. It held that the language of ORS 656.268(4)(g) was clear; that if, on reconsideration, the Department orders an increase by 25 percent or more of the amount of compensation and the worker is found to be at least 20 percent disabled, a penalty must be imposed regardless of the reason for the increase. The Board refused to apply OAR 436-30-050, which would allow an exception to the imposition of the statutory penalty when the increase in the award was due to new information obtained through a medical arbiter's exam, because of its previous determination that the rule is invalid due to its inconsistency with the statute.

Employer argues that the language of ORS 656.268-(4)(g) is ambiguous. It relies on the inclusion of the term "penalty" in the statute to support its argument. It is employer's contention that the reference to a penalty indicates that the legislature intended that an employer must engage in misconduct or wrongdoing; in other words, it must engage in conduct that should be punished before a penalty

may be imposed. Accordingly, employer urges that we hold that the statute does not allow the imposition of a penalty in a case such as this one, where the insurer has not engaged in any conduct that should be punished. It also contends that the Director's rule allowing an exception to the imposition of the penalty is consistent with the statute.

■■ We begin by considering the text and context of the statute, along with the rules of construction that bear directly on how to read the text and its interpretation in context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). If the text and context of the statute reveal that there is only one plausible interpretation, we give the statute that meaning and need not resort to legislative history to inform us about the legislature's intent.

■■ We conclude that the statute is unambiguous. The language of ORS 656.268(4)(g) requires the insurer to pay an additional 25 percent if two conditions are met. The claimant's compensation must be increased on reconsideration by 25 percent and the total award of permanent disability must be at least 20 percent. There are no exceptions to the penalty in the statutes; in particular, there is nothing in the language of the statute that requires unreasonable conduct or wrongdoing by the insurer before the penalty may be imposed. We may not read into a statute an additional requirement that is simply not there. ORS 174.010. Accordingly, we conclude that the Board did not err in imposing a penalty on employer in these circumstances and that the Board was correct that the Director's rule is inconsistent with the statute.

Affirmed.