Argued and submitted November 29, 1995, reversed and remanded for
reconsideration March 27, 1996

In the Matter of the Compensation of
Daniel M. Valencia, Claimant.

## SAIF CORPORATION,
*Petitioner,*

*and*

## MILLS MINT FARM, INC.,
*Employer,*

*v.*

## Daniel M. VALENCIA,
*Respondent.*

(WCB No. 94-03439; CA A87028)

914 P2d 32

Michael O. Whitty, Special Assistant Attorney General,
argued the cause for petitioner. With him on the brief were
Theodore R. Kulongoski, Attorney General, and Virginia L.
Linder, Solicitor General.

Hollis Ransom argued the cause for respondent. On the brief was Michael A. Gilbertson.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

SAIF seeks review of an order of the Workers' Compensation Board that awarded claimant a penalty under ORS 656.268(4)(g), on the ground that claimant's permanent partial disability (PPD) was increased on reconsideration by the Department of Consumer and Business Services. We reverse and remand for reconsideration.

The pertinent statute here, ORS 656.268(4)(g), provides:

"If, upon reconsideration of a claim closed by an insurer or self-insured employer, the department orders an increase by 25 percent or more of the amount of compensation to be paid to the worker for either a scheduled or unscheduled permanent disability and the worker is found upon reconsideration to be at least 20 percent permanently disabled, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be due the claimant."

■ SAIF first argues that the Board erred in imposing a penalty under ORS 656.268(4)(g), because the increase in claimant's PPD award was based on new information about his condition, not on any misconduct on its behalf, which it contends is a prerequisite to the imposition of a penalty. However, as we concluded in *SAIF v. St. Clair*, 134 Or App 316, 320, 894 P2d 1264 (1995), under ORS 656.268(4)(g), a penalty shall be imposed regardless of whether employer engaged in misconduct if the two conditions specified in the statute are met.

■ SAIF also argues that the penalty was not proper, because one of the statutory conditions was not satisfied; namely, the total award of claimant's disability was not at least 20 percent. Under our decision in *SAIF v. Cline*, 135 Or App 155, 897 P2d 1172, *rev den* 321 Or 560 (1995), SAIF is right. In that case, we held that under the language of ORS 656.268(4)(g), and the Board's rule adopted to implement the statute, OAR 436-30-050(13), the requirement of "20 percent permanently disabled," as a prerequisite to the imposition of a penalty, means 20 percent of the whole worker or 64

degrees. Claimant's disability here is less than 64 degrees. Accordingly, the statutory prerequisite to imposing a penalty was not met, and the Board erred in doing so.

Reversed and remanded for reconsideration.