Argued and submitted December 15, 1995, affirmed July 31, 1996

In the Matter of the Compensation of
Jay Nero, Claimant.

Jay NERO,
*Petitioner,*

*v.*

CITY OF TUALATIN,
*Respondent.*

(92-04986; CA A87555)

920 P2d 570

John Hogan argued the cause for petitioner. On the brief was Donald M. Hooton.

Brad J. Harper argued the cause for respondent. On the brief were Patric J. Doherty, Karli L. Olson and VavRosky, MacColl, Olson, Doherty & Miller, P.C.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board (Board) denying him attorney fees under ORS 656.382(1) and ORS 656.386(2). We affirm.

Claimant suffered a work-related injury in March 1991, and employer eventually accepted his claim for a herniated disc. The attending physician's final examination in October 1991 revealed no permanent impairment or disability, and, in November 1991, employer issued a Notice of Closure with no permanent disability. Claimant requested reconsideration by the Department of Insurance and Finance[1] (DIF) and sought a penalty pursuant to ORS 656.268(4)(g). DIF had an arbiter examine claimant. On reconsideration, the Director of DIF granted claimant an unscheduled award of 12 percent and a scheduled award of 11 percent, but did not award a penalty. Employer requested a hearing, and the referee eliminated claimant's scheduled award and reduced the unscheduled award to five percent. On review, the Board reinstated the Director's award but did not grant a penalty. We reversed the Board's holding as to the penalty. *Nero v. City of Tualatin,* 127 Or App 458, 873 P2d 390, *rev den* 319 Or 273 (1994), *overruled SAIF v. Cline,* 135 Or App 155, 897 P2d 1172, *rev den* 321 Or 560 (1995).

On remand, the Board awarded a penalty equal to 25 percent of the amount of compensation due under the Director's order, ORS 656.268(4)(g), but did not grant attorney fees incurred in obtaining that penalty. On reconsideration, the Board again denied attorney fees.

On judicial review, claimant first argues that he is entitled to attorney fees under ORS 656.382(1), which provides:

> "If an insurer or self-insured employer refuses to pay compensation due under an order of an Administrative Law Judge, board or court, or *otherwise unreasonably resists the payment of compensation,* except as provided in ORS 656.385, the employer or insurer shall pay to the claimant

---

[1] The 1993 legislature changed the name of DIF to the Department of Consumer and Business Services. Or Laws 1993, ch 744, § 18.

or the attorney of the claimant a reasonable attorney fee[.]" (Emphasis supplied.)

Imposition of a penalty under ORS 656.268(4)(g), claimant argues, establishes as a matter of law that employer "unreasonably resisted payment of compensation."[2] We disagree.

ORS 656.268(4)(g), provides:

"If, upon reconsideration of a claim closed by an insurer or self-insured employer, the department orders an increase by 25 percent or more of the amount of compensation to be paid to the worker for either a scheduled or unscheduled permanent disability and the worker is found upon reconsideration to be at least 20 percent permanently disabled, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be then due the claimant."[3]

Imposition of a penalty under ORS 656.268(4)(g) means only that a claimant's compensation was increased on reconsideration by at least 25 percent, and the total award of permanent disability is at least 20 percent. *SAIF v. St. Clair*, 134 Or App 316, 320, 894 P2d 1264 (1995). The statute does not require "unreasonable conduct or wrongdoing by the insurer [or self-insured employer] before the penalty may be imposed." *Id.*[4] *See also SAIF v. Valencia*, 140 Or App 14, 16,

---

[2] Employer responds that the Board previously rejected this argument in *Jesus R. Corona*, 45 Van Natta 886 (1993), which we affirmed without opinion. *Corona v. Pacific Resource Recycling*, 126 Or App 544, 871 P2d 133 (1994). Employer argues that there are no sound reasons for "overruling" *Corona*. Employer mistakes our disposition in *Corona* as an expression of agreement with the Board's reasoning in that case. A case affirmed without opinion has no precedential value.

[3] A 1995 amendment to ORS 656.268(4)(g) added the following exception:

"If the increase in compensation results from new information obtained through a medical arbiter examination or from the adoption of a temporary emergency rule, the penalty shall not be assessed."

However, that amendment applies only to claims that became medically stationary on or after June 7, 1995, the effective date of the amendment. Or Laws 1995, ch 332, §§ 30, 66(4), 69. The claim here became medically stationary in November 1991, and the amendment has no effect on this case.

[4] In *St. Clair*, SAIF argued that a penalty under ORS 656.268(4)(g) should not be imposed without some showing of wrongdoing by the insurer or employer. As support, it cited OAR 436-30-050(12), which provides, in part:

"If an increase in compensation results from new information obtained through a medical arbiter examination or from the promulgation of a temporary emergency rule, penalties will not be assessed."

914 P2d 32 (1996) (following *St. Clair*); *Cline*, 135 Or App at 157 n 1 (same).

 Under *St. Clair*, imposition of a penalty pursuant to ORS 656 268(4)(g) does not necessarily mean that employer's conduct was "unreasonable" and, therefore, does not establish *as a matter of law* that employer "unreasonably resist[ed] the payment of compensation." Accordingly, we must consider as a factual matter whether employer's finding of no permanent disability constitutes unreasonable resistance when the director subsequently awarded partial permanent disability.

> "Whether a delay in paying compensation is unreasonable under ORS 656.382(1) * * * involves both legal and factual questions. *Brown v. Argonaut Insurance Company*, 93 Or App 588, 763 P2d 408 (1988). The correct legal inquiry is whether the employer had a legitimate doubt as to its liability. 'Unreasonableness' and 'legitimate doubt' are to be considered in the light of all the evidence available to the employer. If the Board uses the correct legal standard, then we review its finding about reasonableness for substantial evidence. 93 Or App at 592[.]" *Tattoo v. Barrett Business Service*, 118 Or App 348, 353, 847 P2d 872 (1993).

 Here, the Board concluded that employer did not unreasonably resist payment of compensation because, in finding no permanent disability, employer reasonably relied on "the attending physician's closing examination which found no permanent impairment or disability." We conclude that the Board used the correct legal standard because "[t]he proper focus * * * is on the evidence available to employer at the time of the denial." *Tri-Met, Inc. v. Odighizuwa*, 112 Or App 159, 164, 828 P2d 468 (1992).[5] Furthermore, substantial

---

We noted, however, that the penalty statutes contained no similar exceptions, and concluded that no "unreasonable conduct or wrongdoing" is required. 134 Or App at 319-20.

Although the 1995 legislature amended ORS 656.268(4)(g) by adding an exception that is nearly identical to that of OAR 436-30-050(12), that amendment does not affect this case. *See* n 3.

[5] *See also Tattoo*, 118 Or App at 353 (although Board did not use the term "legitimate doubt," the context of its analysis indicates that it applied the proper legal standard).

evidence supports the Board's findings as to the reasonableness of employer's reliance on that evidence. ORS 183.482-(8)(c). The Board therefore correctly concluded that employer did not "unreasonably resist the payment of compensation," and claimant was not entitled to attorney fees under ORS 656.382(1).

■ Claimant next seeks attorney fees under ORS 656.386(2). ORS 656.386(1) directs the court to allow attorney fees in "all cases involving denied claims where a claimant finally prevails against the denial[.]" Attorney fees under ORS 656.386(1) are paid by the insurer or self-insured employer. ORS 656.386(2) provides:

> "In all other cases, attorney fees shall be paid from the increase in the claimant's compensation, if any, except as otherwise expressly provided in this chapter."

If employer is not responsible for paying claimant's attorney fees, claimant argues, then those fees should come out of the penalty itself under ORS 656.386(2). The Board rejected this argument, reasoning that a penalty is not "compensation." We agree.

In *Saxton v. SAIF*, 80 Or App 631, 723 P2d 355, *rev den* 302 Or 159 (1986), we held that a penalty is not "compensation" under ORS 656.382(2).[6] *Id.* at 633-34. Claimant argues that our holding in *Saxton* applies only to the statute construed there and should not be extended to ORS 656.386(2). He instead relies on the general definition of "compensation" in ORS 656.005(8), which provides:

> " 'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter."

---

[6] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

A penalty awarded pursuant to ORS 656.268(4)(g), claimant contends, is a "benefit" to the worker under ORS 656.005(8). However, in *Dotson v. Bohemia, Inc.*, 80 Or App 233, 720 P2d 1345, *rev den* 302 Or 35, (1986), we held that the term "benefits" under ORS 656.005(8) refers only to those benefits "set forth in [*former*] ORS 656.202 to ORS 656.258. These include payments for a worker's death, disability, medical services and vocational assistance." *Id*. at 236.[7] Because attorney fees are "provided for legal services, and not for a compensable injury, and are addressed in ORS 656.382 to ORS 656.388," we held that they were not part of "compensation" under ORS 656.382(2). *Id*.

The penalty imposed here is not among the "benefits" addressed in *Dotson*. Instead, like the attorney fees in that case, it is set out in a separate section of ORS chapter 656. Furthermore, a penalty under ORS 656.268(4)(g) is "provided" to penalize the employer, and not to compensate the claimant for his or her injury. Therefore, the penalty here is not "compensation" out of which attorney fees may be paid under ORS 656.386(2), and the Board correctly denied attorney fees on that basis.

Affirmed.

---

[7] *See also Buddenberg v. Southcoast Lumber*, 316 Or 180, 185, 850 P2d 360 (1993) ("compensation" includes benefits paid for death, ORS 656.204, permanent total disability, ORS 656.206, temporary total disability, ORS 656.210, temporary partial disability, ORS 656.212, and permanent partial disability, ORS 656.214, as well as medical services, ORS 656.245).