Argued and submitted November 25, 1997, reversed and remanded February 25, petition for review denied April 30, 1998 (327 Or 123)

Lester PARKER,
*Appellant,*

*v.*

FRED MEYER, INC.,
a Delaware corporation,
*Respondent.*

(9508-06085; CA A94653)

954 P2d 1272

Kevin Keaney argued the cause for appellant. With him on the briefs was Pozzi Wilson Atchison, LLP.

P. Conover Mickiewicz argued the cause for respondent. With him on the brief were R. Kenney Roberts and Meyers, Radler, Replogle, Roberts & Miller, L.L.P.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

Plaintiff appeals the trial court's grant of defendant's motion for summary judgment in this action for alleged violations of ORS 659.410 (workers' compensation retaliation) and ORS 659.425 (disability discrimination). He argues that the court incorrectly treated a statement that an administrative law judge (ALJ) made while deciding his workers' compensation claim as creating issue preclusion on the question of whether defendant terminated him in retaliation for having asserted a workers' compensation claim. We agree and therefore reverse.

We state the facts most favorably to plaintiff. *See Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). Plaintiff worked for defendant in 1993 and again for a short time in 1994. On September 2, 1994, he felt back pain and muscle spasms while lifting heavy boxes in defendant's warehouse. He reported the condition to a supervisor, who told him to speak to a different supervisor, Egland, after plaintiff returned from a break. When plaintiff went to Egland's office, he was told that his employment was terminated immediately. Neither Egland nor Egland's supervisor, who was present, answered when he asked whether the termination involved reporting his back injury.

Plaintiff thereafter filed a claim for workers' compensation; defendant denied it 12 days after the termination. Plaintiff sought a hearing on the denial; the issues at the hearing were whether plaintiff had sustained a compensable injury and whether defendant had unreasonably denied the claim and was subject to penalties for the unreasonable denial. The ALJ found that plaintiff had sustained a compensable injury but that defendant had a legitimate doubt about the compensability of the claim. She therefore ordered defendant to accept the claim but refused to award penalties. In the course of discussing her conclusions, the ALJ stated that "[c]laimant's testimony and the documentary evidence does not establish that he was fired because he injured his back and/or was going to file a workers' compensation claim."

■■ In the trial court, defendant argued, and the court agreed, that the ALJ's statement foreclosed plaintiff's retaliation and discrimination claims, because it precluded him from asserting that defendant had terminated him either for having a disability or for filing the workers' compensation claim. The parties agree that the criteria for issue preclusion that the Supreme Court stated in *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 862 P2d 1293 (1993), apply to this case. Under *Nelson*, issue preclusion requires that (1) the issue in the two proceedings be identical; (2) the issue was actually litigated and was essential to a decision on the merits in the first proceeding; (3) the party to be precluded had a full and fair opportunity to be heard; (4) the party to be precluded was a party or in privity with a party in the first proceeding; and (5) the prior proceeding was of a kind to which the courts will give preclusive effect. 318 Or at 104. The question in this case is the aspect of the second criterion that concerns whether the ALJ's statement was essential to a decision in the workers' compensation proceeding.

The issues before the ALJ were whether plaintiff had suffered a compensable injury and whether defendant was subject to penalties for having unreasonably denied the claim. The ALJ's statement that defendant did not fire plaintiff because of the injury or his intention to file a claim has no relationship to whether plaintiff had suffered a compensable injury and thus cannot be the basis for issue preclusion on that ground. Defendant argues, however, that the statement was essential to the ALJ's decision that defendant had not unreasonably denied the claim. It states that, because knowledge of a compensable injury is sufficient to support penalties, *see Tri-Met, Inc. v. Odighizuwa*, 112 Or App 159, 164, 828 P2d 468 (1992), the ALJ would certainly have awarded penalties if she had believed that defendant knew of the claim at the time of the termination. "[H]ad she determined that the termination was *motivated* by retaliation for an injury or claim * * * the conclusion of unreasonable denial would be inescapable * * *." (Emphasis in original.)

The difficulty with defendant's argument is that there is nothing inconsistent in an employer reasonably believing that a worker has not suffered an injury and also

terminating the worker for having filed a workers' compensation claim. In other words, an employer may be motivated to fire a worker because the worker intends to file a valid claim or because the worker intends to file an invalid claim. Either action would violate ORS 659.410.

The ALJ based her decision that the denial of the claim was not unreasonable on "the absence of witnessed pain behavior, the fact that no formal claim was filed, and the fact claimant first sought treatment after he was terminated without notice." Those factors, which the ALJ found to be sufficient in themselves to establish a legitimate doubt about the compensability of the claim, have nothing to do with the reason for plaintiff's termination. Her statement on that point was not essential to her decision, and it thus cannot be a basis for issue preclusion or otherwise support the trial court's award of summary judgment to defendant. *See Stanich v. Precision Body and Paint, Inc.*, 151 Or App 446, 452-54, 950 P2d 328 (1997).

Reversed and remanded.