Argued and submitted March 31, remanded for reconsideration of amount of penalty for untimely payment of compensation; otherwise affirmed December 14, 2011

In the Matter of the Compensation of
Chris A. Valencia, Claimant.

Chris A. VALENCIA,
*Petitioner,*

*v.*

GEP BTL, LLC;
Compro, Inc.;
and Workers' Compensation Division,
*Respondents.*

Workers' Compensation Board
0803840; A143870

269 P3d 65

Ernest M. Jenks argued the cause and filed the brief for petitioner.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondents ComPro, Inc., and Workers' Compensation Division. With him on the brief were John R. Kroger, Attorney General, and David B. Thompson, Interim Solicitor General.

Courtney C. Kreutz waived appearance for respondent GEP BTL, LLC.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Claimant seeks review of an order of the Workers' Compensation Board that overturned an administrative law judge's (ALJ) order assessing a penalty and attorney fees after determining that ComPro, Inc., the assigned processing administrator for claimant's claim, unreasonably determined that claimant was ineligible for supplemental disability benefits. We conclude that the board did not err in overturning the penalty based on that conduct; however, the case must nonetheless be remanded so that the board can determine in the first instance the amount of penalty to which claimant is entitled as a result of ComPro's unreasonable delay in paying benefits.

The facts are undisputed. In January 2008, claimant, a camera operator, suffered a compensable injury while working for Fox Sports NW/Entertainment Partners/GEP BTL, LLC (Fox Sports) when a car backed over his foot. At the time of his injury, claimant was employed as a camera operator by other employers as well, including Pacific Coast Cameras (Pacific Coast) and the Portland Trail Blazers. Claimant lost wages from all of his employments as a result of his injury. AIG, on behalf of Fox Sports, accepted a claim for left foot contusion.

ORS 656.210(2)(a)(B) provides that, when a worker is employed in more than one job at the time of injury, the worker's weekly wage is to be ascertained "by adding all earnings the worker was receiving from all subject employment." Thus, because claimant worked for more than one employer at the time of his injury, claimant's wage loss replacement benefits were to be calculated based on the wages from all employment and not just the wages from the job at which the injury occurred.

OAR 436-060-0035 sets forth the processing requirements for wage loss replacement benefits when a worker has multiple employers at the time of injury.[1] The rule characterizes wage loss replacement benefits for secondary jobs as "supplemental disability." OAR 436-060-0035(1)(e).

---

[1] OAR 436-060-0035 provides, in part:

"(1) For the purpose of this rule:

   To be entitled to supplemental disability benefits, within 30 days of receipt of an initial claim, the worker must notify the insurer that he or she was employed by more than one employer at the time of the injury. ORS 656.210(2)(b)(A). Then, pursuant to OAR 436-060-0035(3), within five business days of receiving notice or knowledge of employment in addition to the worker's primary job, the insurer must send the worker an initial notice informing the worker of the type of information that the insurer or the assigned processing administrator must receive to determine the worker's

---

   "(a) 'Assigned processing administrator' is the company or business that the director has selected and authorized to process and pay supplemental disability benefits on behalf of the director, when the insurer has elected not to process and pay these benefits.

   "(b) 'Primary job' means the job at which the injury occurred.

   "(c) 'Secondary job' means any other job(s) held by the worker in Oregon subject employment at the time of injury.

   "(d) 'Temporary disability' means wage loss replacement for the primary job.

   "(e) 'Supplemental disability' means wage loss replacement for the secondary job(s) that exceeds the temporary disability, up to, but not exceeding, the maximum established by ORS 656.210.

   "(f) 'Verifiable documentation' means information that provides:

   "(A) Identification of the Oregon subject employer(s) and the time period that establishes the worker held the secondary job, in addition to the primary job, at the time of injury; and

   "(B) Adequate information to calculate the average weekly wage in accordance with OAR 436-060-0025.

   "* * * * *

   "(3) Within five business days of receiving notice or knowledge of employment in addition to the primary job on a claim on which the temporary disability rate for the primary job does not meet or exceed the maximum rate, the insurer must:

   "(a) Send the worker an initial notice informing the worker what type of information the insurer or the assigned processing administrator must receive to determine the worker's eligibility for supplemental disability.

   "(b) Clearly advise the worker, in the initial notice, that the insurer must receive verifiable documentation within 60 days of the mailing date of the notice or the worker shall be found ineligible for supplemental disability.

   "* * * * *

   "(4) The initial notice in section (3) must inform the worker that if the verifiable documentation is not received, the insurer will determine the worker's temporary disability rate based only on the job at which the injury occurred. Any delay in the payment of a higher disability rate because of the worker's failure to provide verifiable documentation under this paragraph will not result in a penalty under ORS 656.262(11)."

eligibility for supplemental disability. The insurer must also clearly advise the worker, in the initial notice, that the insurer must receive verifiable documentation within 60 days of the mailing date of the notice or the worker will be found ineligible for supplemental disability. OAR 436-060-0035(3)(b).

The worker's verifiable documentation must be received within 60 days of the insurer's mailing of its request for documentation. ORS 656.210(2)(b)(B). The department has determined by administrative rule that "verifiable documentation" is notice to the insurer of the multiple employments, the time periods of those employments, and adequate information to allow the insurer to calculate the worker's average weekly wage at those employments under OAR 436-060-0025. OAR 436-060-0035(1)(f). The insurer is required to determine eligibility for supplemental disability within 14 days of receiving the worker's verifiable documentation. OAR 436-060-0035(5).

AIG, which was Fox Sports's workers' compensation carrier, sent a letter to claimant advising him that he might be eligible for supplemental disability benefits. Because AIG had elected not to process a claim for supplemental disability benefits, *see* ORS 656.210(5)(b); OAR 436-060-0035(1)(a), AIG referred claimant to ComPro, which administers supplemental disability benefits on behalf of the Workers' Compensation Division when an insurer elects not to process and pay such benefits. As the assigned processing administrator, ComPro took over the processing of claimant's claim on March 28, 2008.

In a letter to claimant dated April 3, 2008, ComPro notified claimant of the steps that would be necessary for him to receive supplemental disability benefits, including providing verifiable documentation sufficient to determine claimant's average weekly wage at all subject employment and his wages lost as a result of the injury. ComPro specifically advised claimant that he would need to provide sufficient information from which ComPro could determine claimant's combined average weekly wage from all Oregon subject employments. ComPro included a form for claimant to send to all of his secondary employers that could be completed to

provide all of the necessary information. ComPro's letter advised claimant to "[a]sk your secondary employer(s) to complete this form (copy is acceptable) then return it to our offices with adequate information to calculate your average weekly wage."

On April 16, 2008, ComPro received a letter from claimant's attorney forwarding letters from two of claimant's secondary employers: an April 4 letter from the Trail Blazers's vice-president of broadcasting explaining that claimant was "one of Blazers Broadcasting's freelance camera operators" and including a list of the work dates missed because of the injury and stating claimant's rate of pay; and an April 7 letter from Pacific Coast listing the dates on which claimant had been unable to work because of his injury and claimant's rate of pay for the missed shows. Neither employer had completed and returned the form that ComPro had enclosed in its April 3 letter to claimant, and neither letter stated explicitly that claimant was an employee as of the date of his injury or provided claimant's preinjury wage.

On the same date that it received the letters from claimant's attorney, ComPro sent claimant a letter, with a copy to his attorney, advising that the information that had been provided was insufficient to determine claimant's eligibility for supplemental disability benefits. The letter specifically requested payroll records from claimant's other employers showing claimant's gross wages at the time of injury:

> "On 04/16/2008, we received your response to our initial contact letter. You provided insufficient information for us to determine your eligibility for Supplemental Disability Benefits. We need payroll records from your other employers that show your **gross** wages at the time of (i.e.: up to, but not after) your injury. Please refer to the enclosed *Initial Eligibility Determination* form for the specific information needed.
>
> "* * * * *
>
> "We will determine if you are eligible to be paid supplemental disability benefits once we receive the requested information."

(Italics and boldface in original.) ComPro included with the letter the same form that it had provided to claimant with its

April 3 letter. ComPro heard nothing further from claimant and did not make any further investigation of claimant's eligibility for supplemental disability benefits.

On June 2, 2008, the sixtieth day from the date of mailing of its request for verification, ComPro notified claimant that he was ineligible for supplemental disability benefits for the reason that claimant's "secondary employment with Pacific Coast Camera * * * and/or Trail Blazers Inc, was NOT as a subject worker of an Oregon subject employer." ComPro advised that its determination was subject to review if claimant were to provide "verifiable documentation" and information substantiating that he was "a subject worker of an Oregon subject employer at the time of injury." The letter noted that "verifiable documentation" means "information which provides: identification of the Oregon subject employer(s) and the time period that establishes the worker held the secondary job, in addition to the primary job, at the time of injury; and adequate information to calculate the average weekly wage in accordance with OAR 436-060-0025." Claimant requested a hearing.

In August 2008, claimant's attorney received wage information from the Trail Blazers and Pacific Coast, and on August 21, he forwarded that information to ComPro's counsel. On September 2, ComPro's attorney notified claimant's attorney that, although some information was still missing, ComPro had the information necessary to determine whether claimant was eligible for supplemental disability benefits. On September 9, ComPro notified claimant and his counsel that claimant was eligible for benefits. The matter proceeded to hearing on September 10 on the issue of penalties and attorney fees.

Simmons, ComPro's claims adjuster, testified at the hearing that, in determining that claimant was ineligible for supplemental disability, ComPro was primarily concerned with the statement in the letter from the Trail Blazers that claimant was a "freelance" camera operator, suggesting to ComPro that claimant was an independent contractor. He also testified that the letter from Pacific Coast did not describe the nature of claimant's employment relationship. He testified that, on the advice of the Workers' Compensation

Division of the Department of Consumer and Business Services, ComPro does not directly contact a claimant's other employers to verify employment status.

An ALJ determined that, based on its obligation to process claims under ORS 656.262(1), once it had been informed by claimant that he had multiple employers, ComPro was required, and had failed, to conduct an independent investigation of claimant's eligibility for supplemental disability benefits before issuing a determination of ineligibility. The ALJ assessed a penalty of 25 percent and attorney fees of $2,000, pursuant to ORS 656.262(11)(a), for the unreasonable notice of ineligibility. Because ComPro conceded that it had all the information necessary to pay supplemental disability benefits to claimant as of August 21, 2008, but had not yet paid them as of the date of the hearing, the ALJ awarded an additional assessed attorney fee of $1,000 for the late payment of benefits—that is, ComPro's failure to pay claimant's supplemental disability benefits within 14 days of its determination that it had verifiable documentation of claimant's eligibility.

ComPro appealed the ALJ's order to the board, challenging only the assessment of a penalty and attorney fees under ORS 656.262(11)(a) for unreasonable issuance of the ineligibility determination.[2] The initial question that the board addressed was whether ComPro had an affirmative duty under the applicable statutes to investigate a claimant's entitlement to supplemental disability benefits once it received information from a claimant that the claimant had multiple employers. Claimant asserted that, after claimant had provided the initial information of his multiple employments, ComPro was reasonably required to investigate in order to verify the information that it had received from claimant and that a determination of ineligibility was unreasonable without such investigation. ComPro asserted that claimant had a responsibility to provide "verifiable documentation" of his eligibility and that, here, claimant did not do so before August 21, 2008.

---

[2] ComPro did not challenge, and the board's order did not overturn, the ALJ's award of an assessed attorney fee of $1,000 based on the late payment of the supplemental disability benefits.

The board determined that it is the claimant's duty under ORS 656.210(2)(b) and OAR 436-060-0035(1)(f) to submit "verifiable documentation" in order to obtain supplemental disability benefits and that the statutes do not place on the insurer any obligation to independently obtain information necessary to confirm the worker's eligibility for supplemental disability benefits. Thus, the board concluded that it is the worker's responsibility to provide the documentation necessary to trigger the insurer's obligation to process and pay supplemental benefits.

ORS 656.262(11)(a) provides, in part:

> "If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, * * * the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees assessed under this section."

As the board correctly notes, the standard for determining whether an insurer has unreasonably delayed or resisted payment of compensation is whether, in light of the information available to the insurer at the time, the insurer had a legitimate doubt as to its liability. *International Paper Co. v. Huntley*, 106 Or App 107, 110, 806 P2d 188 (1991); *Brown v. Argonaut Insurance Company*, 93 Or App 588, 591, 763 P2d 408 (1988). The board found that the information that ComPro had at the time of its notice of ineligibility did not provide verification of claimant's status as a subject worker employed by a subject employer at the time of his injury or provide any preinjury wage information necessary to calculate claimant's average weekly wage. The board determined that, in light of the information that it had from claimant at the time that it issued its determination of ineligibility, ComPro had a legitimate doubt as to its liability with respect to both the Trail Blazers and Pacific Coast. Thus, the board concluded that ComPro's action in issuing the June 2, 2008, determination of ineligibility was reasonable, and it reversed the ALJ's assessment of a penalty and related attorney fee.

On judicial review, claimant asserts that the board erred in overturning the ALJ's award of a penalty and attorney fee under ORS 656.262(11)(a), contending that ComPro

had no legitimate doubt as to claimant's eligibility for benefits. Claimant's underlying legal contention in support of his assertion is that, contrary to the board's conclusion, before issuing its notice of ineligibility, ComPro had a legal obligation to conduct an independent investigation of claimant's eligibility for supplemental disability benefits. Claimant also contends that, in evaluating the reasonableness of ComPro's actions, the inquiry must be limited to whether ComPro had a legitimate doubt about claimant's eligibility to receive supplemental disability benefits based on the justification that ComPro provided in its letter to claimant—that claimant's employment was not as a subject worker. Finally, claimant contends that the board's conclusion in this case is inconsistent with the board's own case law, *In the Matter of Nada Lovre*, 56 Van Natta 598 (2004), in which the board held that the processing of a claim for supplemental disability benefits "is the responsibility of the insurer."

Initially we note that there can be no reasonable dispute that, on this record, claimant did not provide ComPro with "verifiable documentation," as defined by OAR 436-060-0035, within 60 days of ComPro's request. Within that 60-day period, claimant had not provided information from which ComPro could determine that claimant had been employed by the Trail Blazers or Pacific Coast on the date of his injury. Nor did the letters provide documentation from which ComPro could determine claimant's average weekly wage under OAR 436-060-0025.[3] Thus, pursuant to ORS 656.210(2)(b) and OAR 436-060-0035(3)(b), ComPro was

---

[3] The board found:

"By June 2, 2008 (when it issued its Ineligibility Determination), ComPro had the following information: (1) verbal notice from claimant * * * that he had also worked for Pacific Coast and the Trail Blazers; (2) [a] letter from the Trail Blazers stating that claimant, one of its 'freelance camera operators,' had missed several 'shows' in January, February, and March 2008, and would miss several more in April 2008, due to his foot injury; and (3) [a] letter from Pacific Coast providing dates from February 2008 onward that claimant had been unable to work due to his compensable injury. None of this information reasonably supported a conclusion that claimant was employed by a subject employer at the time of injury. * * * Nor did it contain any preinjury wage information necessary to calculate an average weekly wage in accordance with OAR 436-060-0025. * * * Therefore, as of June 2, 2008, ComPro had not yet received 'verifiable documentation' as required to trigger its duty to process and pay supplemental benefits."

required to determine that claimant was ineligible for supplemental disability.

Claimant asserts in any event that, as the ALJ determined, ComPro's conduct in issuing the determination of ineligibility was unreasonable because, after claimant initially notified ComPro of his multiple employments, ComPro failed to make an independent investigation of claimant's eligibility for benefits. Specifically, claimant contends that if, as Simmons testified, ComPro's primary concern was that claimant was not employed as a subject worker (but was, rather, an independent contractor), then ComPro could have resolved that concern with a simple telephone call. Thus, in claimant's view, the issuance of the ineligibility determination without making that inquiry was unreasonable.

The simple answer, as the board held, is that the statutes and administrative rule imposed no such investigative obligation on ComPro. ORS 656.210(2)(b) makes clear that, as a prerequisite to eligibility for supplemental disability, it is the claimant's obligation to provide verifiable documentation of secondary employment. OAR 436-060-0035 sets out the information that a claimant is required to submit to establish verifiable documentation. Thus, we conclude that ComPro had no independent obligation to seek out information necessary to determine claimant's weekly wage or to determine that claimant was a subject worker on the date of his injury. Nor did it have an obligation to confirm whether claimant was an employee or an independent contractor. It was claimant's obligation to provide that information. *Cf.* ORS 656.262(1) (processing claims and providing compensation is responsibility of insurer or self-insured employer).

Claimant contends nonetheless that the information that ComPro had on June 3, 2008, concerning claimant's employment with the Trail Blazers and Pacific Coast gave it no reason to conclude that claimant was other than an employee and that it therefore could have had no legitimate doubt as to claimant's status as a subject worker; thus, claimant contends, the basis for ComPro's determination of ineligibility was unreasonable. However, as noted, the letter from the Trail Blazers described claimant as a "freelance" camera

operator; based on that description, ComPro could reasonably question whether claimant was an employee or an independent contractor for the Trail Blazers. Further, regardless of whether ComPro had a basis to question whether claimant was an employee of Pacific Coast, claimant's eligibility depended on more than his status as a subject worker. In light of our conclusions that claimant had not provided ComPro with verifiable documentation of his eligibility within 60 days of ComPro's request, as required by ORS 656.210(2)(b) and OAR 436-060-0035, and, further, that ComPro had no independent obligation to seek out verifiable documentation of claimant's eligibility, we conclude that substantial evidence supports the board's determination that ComPro acted reasonably in issuing a determination of ineligibility. *Brown*, 93 Or App at 591 (setting forth substantial evidence standard of review).

In addition to determining that ComPro had unreasonably determined that claimant was ineligible for supplemental disability benefits, the ALJ determined that ComPro had unreasonably delayed payment of benefits once it had sufficient information to determine that claimant was eligible. The ALJ correctly determined, however, that only one penalty could be assessed on the amount then due under ORS 656.262(11)(a) and did not assess a separate penalty for the unreasonable claim processing. In light of our conclusion that the board did not err in overturning the penalty based on the issuance of the ineligibility determination, we conclude that the case must be remanded to the board for it to determine in the first instance the amount of penalty to be assessed for ComPro's delay in paying compensation.

Remanded for reconsideration of amount of penalty for untimely payment of compensation; otherwise affirmed.