Argued and submitted February 1, affirmed August 21, reconsideration denied November 8, petition for review allowed December 24, 1985 (300 Or 451)

In the Matter of the Compensation of
Leslie Colvin, Claimant.

COLVIN,
*Petitioner,*

*v.*

INDUSTRIAL INDEMNITY,
*Respondent.*

(81-03061; CA A31519)

705 P2d 231

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

John E. Snarskis, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge and Warden, Judge.

WARDEN, J.

**WARDEN, J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board. We affirm.

Claimant worked as a paralegal for a firm of approximately 50 lawyers. In 1978 she suffered a low back injury while attending a firm picnic at the home of one of the firm's partners. The picnic began during working hours and continued until late in the night. The accident took place between 6 p.m. and 7 p.m., after normal working hours. She fell on stairs that had been made slippery by water tracked in from the swimming pool. No one saw her fall, but she told Kreft, the firm's senior paralegal, about her injury shortly after the incident. She also mentioned to Lilly, an associate of the firm, that she had fallen and injured her back at the party.

Claimant missed work the first two days of the week following her fall because of pain and bruising. She suffered recurring symptoms periodically over the next two years. In September, 1980, she experienced a severe recurrence of symptoms while on firm business in another city. She made a claim relating to her low back on October 1, 1980, and another claim relating to her neck on October 27, 1980.

Employer denied the claims on January 14, 1981. The referee reversed the denial of the low back claim and upheld the denial of the neck claim.[1] He based the ruling on findings that claimant was credible, that Kreft and Lilly were claimant's supervisors and that she had informed them of her injury shortly after it occurred, thereby giving employer "knowledge of the injury" for purposes of ORS 656.265(4)(a), and concluded therefrom that her claim was not barred for failure to give timely notice. He further concluded that claimant's injury was sufficiently work related to be compensable. He ordered insurer to accept claimant's low back claim and to pay penalties and attorney's fees, because "[t]he denial was issued more than 60 days after acknowledgment of either claim, significantly longer as to the low back claim."

The Board reversed on the basis that claimant's mention of her injury to Kreft and Lilly did not constitute notice to employer, concluding that the claim was therefore

---

[1] Claimant did not request review of the denial of her claim for injury to her neck.

untimely. The Board further held that, "[e]ven if this claim were not time-barred, it would not be allowed due to insufficient work-relatedness of the accident and the activity in which she was engaged at that time."

Claimant first assigns as error the Board's holding that her claim was untimely. We agree with the Board. The opinions of both the Board and the referee, however, confuse the question of who in an employer's organization must *know* of an injury for purposes of the exception to the notice requirement in ORS 656.265(4)(a), with the question of who must be *notified* of an injury for purposes of ORS 656.265(3).[2] The Board wrote:

"The Referee found that elements of the relationships between claimant and Ms. Kreft and Mr. Lilly showed that they were claimant's supervisors and, therefore, claimant met the exception under ORS 656.265(4)(a), stating that the claim is not barred if the employer had knowledge of the injury.

"We find that, although claimant had close working relationships with both Ms. Kreft and Mr. Lilly, there is not sufficient evidence to indicate that either one had supervisory authority over claimant or any duty to report an accident to management, and, in fact, they made no such report. Therefore, claimant's conversations with them did not constitute notice of claim."

Whether claimant's conversations with Kreft and Lilly constituted "notice of a claim" is not in issue. Claimant concedes that she was not trying to report an injury to her employer when she made her comments to Kreft and Lilly.[3]

---

[2] ORS 656.265(3) and (4)(a) provide:

"(3) Notice shall be given to the employer by mail, addressed to the employer at the last-known place of business of the employer, or by personal delivery to the employer or to a foreman or other supervisor of the employer. If for any reason it is not possible to so notify the employer, notice may be given to the director and referred to the insurer or self-insured employer.

"(4) Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:

"(a) The employer had knowledge of the injury or death, or the insurer or self-insured employer has not been prejudiced by failure to receive the notice * * *."

[3] Although the concession is not clear in claimant's brief, she testified at the hearing that she did not think about reporting her injury, because she thought she would recover fully and because the firm's frequent involvement in insurance defense litigation created an atmosphere that was not conducive to filing workers' compensation claims. During the hearing she responded to argumentative cross-examination by stating, "I did take a risk when I didn't report it, didn't I?"

Her argument is only that employer had *knowledge* of the injury for purposes of the exception to the notice requirement in ORS 656.265(4)(a). That provision, unlike ORS 656.265(3), does not mention "a foreman or other supervisor of the employer," and it is therefore unnecessary to determine whether Kreft and Lilly were claimant's supervisors.

■ We think the relevant question in determining whether the employer had knowledge of the injury within the meaning of ORS 656.265(4)(a) is whether the individuals who were aware of the injury also had the apparent authority or a duty to do something about it. In the setting presented here, it would not only have been sufficient if any partner of the firm had known of claimant's injury, but it would also have been sufficient if an employe responsible for handling workers' compensation matters had known of it. Whether that employe was or was not claimant's supervisor would have been irrelevant.

■ There is no dispute, however, about whether Kreft or Lilly had the apparent authority or any duty to take some action concerning claimant's injury. They did not. Accordingly, we affirm the Board's reinstatement of insurer's denial, without reaching the question whether claimant's injury arose out of and in the course of her employment, which is the focus of claimant's second assignment of error.

■ Claimant's third assignment of error is:

"The Board erred in granting Claimant 'interim compensation' from the time of the filing of her written claim until its tardy denial, rather than commencing such compensation at the time of Claimant's verbal notice to her employer."

As explained above, claimant's oral report of her injury to Kreft and Lilly was not "notice to her employer." Thus, if she were entitled to interim compensation, it could have begun no earlier than October 1, 1980, the date on which she made her low back claim.[4]

---

[4] After the briefs for this appeal were filed, the Supreme Court held in *Bono v. SAIF*, 298 Or 405, 692 P2d 606 (1984), that interim compensation need not be paid to a worker who has not demonstrated an absence from work during the period for which such compensation is sought. The record does not indicate whether claimant missed work after October 1, 1980. Insurer, however, has not requested that we disturb the Board's award of interim compensation or its award of penalties and attorney's fees for employer's late denial of the claim. Accordingly, we leave those awards in place.

Affirmed.