Argued and submitted March 11, Court of Appeals reversed; remanded to Court of
Appeals for further proceedings September 16, 1986
See 83 Or App 73 (1986)

In the Matter of the Compensation of
Leslie Colvin, Claimant.

COLVIN,

*Petitioner on Review,*

*v.*

INDUSTRIAL INDEMNITY,

*Respondent on Review*

(WCB 81-03061; CA A31519; SC 32190)

725 P2d 356

James L. Edmunson, Eugene, argued the cause for petitioner on review. With him on the petition was Malagon & Associates, Eugene.

John E. Snarskis, Portland, argued the cause and filed the brief for respondent on review.

GILLETTE, J.

## GILLETTE, J.

This is a workers' compensation case in which claimant seeks benefits for injuries that occurred at a picnic sponsored by the law firm for which she worked. Both the Workers' Compensation Board (Board) and the Court of Appeals denied her benefits on the ground that her notice of claim was untimely. She seeks both reversal of the Court of Appeals interpretation of the knowledge requirement stated in ORS 656.265(4)(a)[1] and remand to the Court of Appeals to determine whether respondent was prejudiced by her untimely notice. We agree that the Court of Appeals misinterpreted ORS 656.265(4)(a) and, therefore, reverse and remand this case for further proceedings.

Claimant was hired as a paralegal for a law firm of approximately fifty lawyers after having interviewed with a partner and Ms. Kreft, a paralegal. On August 11, 1978, claimant injured her lower back while attending a firm picnic at a partner's home. The injury occurred when she slipped and fell on some wet stairs. No one witnessed the fall, but claimant later informed Kreft and Mr. Lilly, an associate of the law firm.

Kreft was the senior paralegal. In addition, she was claimant's mentor and had assumed an informal leadership role among the paralegals. She was also a person to whom new paralegals went with questions. Lilly was a senior associate for whom claimant frequently worked.

Although claimant missed two days of work following her fall, she did not file a workers' compensation claim because she thought the pain would go away. In addition, she maintained that she was hesitant to file a claim because of her perception of the philosophical orientation of the firm. Over the next two years, she periodically suffered low back pain. On October 1, 1980, she finally filed a claim after experiencing a

---

[1] ORS 656.265(4)(a) states:

"Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:

"(a) The employer had knowledge of the injury or death, or the insurer or self-insured employer has not been prejudiced by failure to receive the notice;

"* * * * *"

severe recurrence of pain. The law firm's insurer denied the claim on the ground that it was not timely filed and claimant's employer had no knowledge of the injury.

The referee reversed the insurer's denial. He found that both Kreft and Lilly knew of the injury at or near the time of the accident, that claimant's relationship with each was that of employe and supervisor and, therefore, that Lilly's and Kreft's knowledge was sufficient to impute knowledge of the accident to the firm. The referee also found that the injury was sufficiently work related to be compensable.

The Board reversed the referee. It found that the claim was not timely filed because notice of the accident was not given. The Board also found that the employer had been prejudiced by the untimely claim. In addition, the Board found that, even if the claim was not time barred, the accident was not sufficiently work related to be compensable. Claimant sought judicial review.

The Court of Appeals affirmed the Board, finding that the employer had neither notice nor knowledge of claimant's injury. The court stated its rationale for finding the employer did not have knowledge of the injury this way:

> "[T]he relevant question in determining whether the employer had knowledge of the injury within the meaning of ORS 656.265(4)(a) is whether the individuals who were aware of the injury also had the apparent authority or a duty to do something about it. In the setting presented here, it would not only have been sufficient if any partner of the firm had known of claimant's injury, but it would also have been sufficient if an employe handling workers' compensation matters had known of it. *Whether that employe was or was not claimant's supervisor would have been irrelevant.*" 75 Or App 87, 91, 705 P2d 231 (1985). (Emphasis added.)

The court went on to find that neither Kreft nor Lilly had a duty or apparent duty to do anything about claimant's injury.

Claimant petitions for review by this court on two grounds. First, she argues that the Court of Appeals erred in its narrow definition of employer for the purpose of imputed knowledge under ORS 656.265(4)(a). Second, she argues that the Court of Appeals, in finding the claim was not timely filed, erred in not going on to consider the further question of whether the insurer was prejudiced by the late filing.

Timely notice "facilitates prompt investigation and diagnosis of the injury. It assures the opportunity to make an accurate record of the occurrence, and decreases the chance for confusion due to intervening or nonemployment-related causes." *Vandre v. Weyerhaeuser Co.,* 42 Or App 705, 709, 601 P2d 1265 (1979); *see also* 3 Larson's Workman's Compensation Law § 78.30. These opportunities are deemed assured where the employer has knowledge of the injury. *Frasure v. Agripac,* 290 Or 99, 619 P2d 274 (1980), *on remand,* 50 Or App 71, 622 P2d 321 (1981).

The question of whose knowledge of an injury may be imputed to the employer has not been addressed previously by this court. The Court of Appeals discounted supervisory authority in favor of a standard where the person who had knowledge also had a duty or apparent duty to do something about the injury. Professor Larson's approach, however, does recognize supervisory authority as being important for determining whether to impute knowledge to the employer:

"Generally, in order that knowledge be imputed to the employer, the person receiving it must be in some supervisory or representative capacity, such as foreman, supervisor, insurance adjuster, personnel worker, corporate officer, physician or nurse. Knowledge of or notice to a mere co employee is not sufficient. *But any degree of authority that places a man in charge of even a small group of workers is enough to confer this representative status.*" 3 Larson's; *supra,* § 78.31(b), 15-116 through 15-129. (Emphasis supplied.)

We agree with Larson. The Court of Appeals holding in this case unnecessarily restricts imputable knowledge to those individuals in official representative capacities and runs counter to what is implied in prior Oregon caselaw. Oregon has impliedly followed Larson's suggestion that the knowledge of individuals in supervisory positions may be imputed to the employer. In both *Frasure v. Agripac, supra,* and *Vandre v. Weyerhaeuser Co., supra,* the employer was found to have knowledge where the claimant had informed a foreman. In neither of those cases did the court state that it was the ability of the foreman to do something about the accident, rather than the foreman's supervisory position, that caused knowledge of the injury to be imputed to the employer.

The Court of Appeals opinion identified individuals

within a company whose knowledge may obviously be imputed to the employer, including partners and those in charge of processing workers' compensation claims. The Court of Appeals, however, does not define those who have apparent authority. We believe individuals with supervisory authority belong in this category.

■    Where supervisory authority is not formalized within an employer's organization — as it apparently was not in the present case — a number of factors should be addressed so as to preserve the integrity of the notice process while ensuring a liberal interpretation of the workers' compensation scheme. These factors include, but are not limited to: whether the person who was aware of the accident exercised supervisory authority over the claimant or others, whether the supervisory authority was of a kind as to lead a reasonable injured employe to conclude that this was a person to whom a report of injury should be made, whether there were established procedures for reporting accidents and whether and to what extent the injured employe had any knowledge concerning the employer's supervisory structure and handling of workers' compensation matters.

■ ■    The purpose of these factors is to aid in assessing the fairness of attributing knowledge of the accident to the employer. No single factor is necessarily dispositive. A company may not avoid knowledge of an injury because it is poorly organized or fails to educate its employes about their rights and obligations under the workers' compensation laws. By the same token, a claimant may not avoid the notice requirements if the company has clear procedures for reporting accidents and injuries and the employe knows or should know of and is able to follow the procedures, but does not.

■    In the case at bar, facts apparently uncontroverted are that the law firm had little internal organization with respect to paralegals and claimant was not provided with a formal orientation or instructed how to report accidents or injuries, nor was she instructed on her rights and obligations as an employe under Oregon's workers' compensation laws. The evidence, however, is not clear on whether Kreft or Lilly had any supervisory authority over claimant. The referee and the Board disagreed, and the Court of Appeals disregarded supervisory authority in reaching its decision. We reverse the

Court of Appeals holding that supervisory authority is unimportant for determining whether knowledge will be imputed to an employer and remand this case for determination of whether Kreft or Lilly had supervisory authority over claimant.

On remand, if the Court of Appeals finds that Kreft or Lilly had supervisory authority over claimant, knowledge of claimant's injury will be imputed to the employer. If no supervisory authority is found, ORS 656.265(4)(a) requires a determination of whether respondent/insurer was prejudiced by the late notice. Finally, even if the employer had knowledge or respondent was not prejudiced, the Court of Appeals must determine whether claimant's injury is one "arising out of, and in the course of employment." ORS 656.005(8)(a).

Reversed. Remanded to the Court of Appeals for further proceedings consistent with this opinion.