Argued and submitted January 23, affirmed August 14, 2002

In the Matter of the Compensation of
Buzz Vsetecka, Claimant.

Buzz VSETECKA,
*Petitioner,*

*v.*

SAFEWAY STORES, INC.,
*Respondent.*

00-02916; A113353

51 P3d 688

Edward J. Harri argued the cause for petitioner. With him on the briefs was J. Michael Casey.

Kenneth L. Kleinsmith argued the cause for respondent. With him on the brief was Meyers, Radler, Bohy, Replogle & Miller.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

Schuman, J., dissenting.

## LANDAU, P. J.

Claimant seeks judicial review of an order of the Workers' Compensation Board (board) upholding employer's denial of his claim on the ground that he failed to notify employer of his on-the-job injury within the time required by the statute. We affirm.

The relevant facts are undisputed. Claimant worked for employer as a warehouseman. On April 30, 1998, a 50-pound box of apples fell from an overhead bin. Claimant deflected the box with his raised right arm. He immediately experienced soreness and stiffness in his right wrist.

Following employer's policy for reporting on-the-job injuries, claimant made an entry in a first-aid log. The log contained preprinted forms that required an injured worker to provide his or her name, the date, and a description of the injury. Claimant made the following entry: "Buzz V., 4/30/98, pain in right wrist." Despite the symptoms, claimant did not leave work and did not seek medical treatment. On two other days the following month, claimant made similar entries complaining of "Right Wrist Pain" and "Right Wrist Pain Again."

Eighteen months later, claimant sought medical treatment for the pain in his wrist. On January 17, 2000, he filed a claim for workers' compensation benefits.

Employer denied the claim, asserting that claimant had not provided written notice of when, where, and how the injury occurred within 90 days, as required by ORS 656.265(2). Claimant maintained that his written notation in the first-aid log sufficed. The board concluded that the notation in the log supplied the required information as to when the injury occurred and at least arguably informed employer where the injury occurred. But, the board concluded, the notation gave employer no information as to *how* the injury occurred, as required by the statute:

> "[T]he fact remains that none of the entries contain[s] any explanation of 'how' the injury occurred. All that is contained in the three logbook entries are the statements: 'Right Wrist Pain,' 'pain in right wrist,' and 'Right Wrist

Pain Again.' No explanation is offered regarding 'how' the alleged injury happened. While claimant's notations in the logbook are similar to those of other workers and appeared to satisfy the employer's reporting procedures, claimant's written reports of injury did not satisfy the precise requirements of ORS 656.265(2) that written notice apprise the employer of when and where and how the injury occurred."

On review, claimant argues that the board erred in concluding that his notation in the logbook did not suffice to satisfy the requirements of ORS 656.265(2). Employer contends that the board correctly construed and applied the requirements of the statute.

ORS 656.265 provides, in part:

"(1) Notice of an accident resulting in an injury or death shall be given immediately by the worker * * * to the employer, but not later than 90 days after the accident. The employer shall acknowledge forthwith receipt of such notice.

"(2) The notice need not be in any particular form. However, it shall be in writing and *shall apprise the employer when and where and how* an injury has occurred to a worker."

(Emphasis added.) We assume that the legislature did not intend the terms "when," "where," and "how" to be redundant and that each refers to a different item of information that claimants are required to supply their employers. *See, e.g., deParrie v. City of Portland*, 138 Or App 105, 111, 906 P2d 844 (1995), *rev den* 323 Or 114 (1996) (courts presume that the legislature did not intend statutory terms to be redundant). That certainly is the manner in which the terms ordinarily are used. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) ("words of common usage typically should be given their plain, natural, and ordinary meaning").

"When" generally refers to the point in time at which an event occurs. *Webster's Third New Int'l Dictionary*, 2602 (unabridged ed 1993) (defining adverb "when" as "at what time : in what period : how long ago"). "Where" generally refers to the physical location of the event. *Id.* (defining adverb "where" as "at or in what place"). And "how" generally

refers to the manner or means by which an event occurs. *Id.* at 1097 (defining "how" as, among other things, "in what manner or way * * * by what means or process").

Nothing in the text or the context of ORS 656.265(2) suggests that the legislature intended anything other than the ordinary meanings of those terms. The question, then, is whether the entry of a date and the words "Right Wrist Pain" in employer's logbook apprised employer of "when and where and how" claimant's injury occurred within the ordinary meanings of those terms.

Certainly the entry of the date in the logbook informed employer when the injury occurred. Like the board, we are also prepared to accept that the fact that claimant made the entry in the logbook permits the inference that the injury occurred "at work" and that that information is sufficient to apprise employer of where the injury occurred. Like the board, however, we are not prepared to accept that the minimal information that claimant supplied satisfied the statutory requirement of apprising employer how the injury occurred. At best, claimant's entries informed employer that he suffered an injury on a specified date while at work. Nothing in those entries, however, provided any information about the manner, way, means, or process by which his right wrist pain occurred while at work. The board therefore correctly concluded that claimant's entry in employer's logbook was not sufficient to satisfy the requirements of ORS 656.265(2).

Citing *Argonaut Ins. Co. v. Mock*, 95 Or App 1, 5, 768 P2d 401, *rev den* 308 Or 79 (1989), claimant alternatively insists that he is not required to establish "how" the injury occurred, only that there is a possibility of workers' compensation liability. *Mock*, however, interpreted ORS 656.265(4)(a), not the statute at issue in this case.

Affirmed.

**SCHUMAN, J.,** dissenting.

At issue in this case is whether claimant's logbook entry—his name, the date, and the phrase "pain in right wrist" "apprise[s] the employer when and where and how" the injury occurred. Obviously the entry meets the "when

and where" requirements. Unlike the majority, I believe that it meets the "how" requirement as well.

Central to my conclusion is the fact that the logbook was located at the work site and its express and exclusive purpose was to record on-the-job injuries; it was a first-aid logbook, not a logbook in which employees could notify supervisors of faulty equipment, suggest more efficient procedures, or anything else. Thus, in effect, by entering "pain in right wrist" in the logbook, claimant's writing informed employer that he had pain in his right wrist due to an on-the-job injury. Under the particular circumstances of this case—a logbook dedicated exclusively to recording on-the-job injuries—claimant's entry amounted to the equivalent of a written form to employer declaring: "My name is Buzz V. On April 30, 1998, I injured my right wrist. I did it while at work here in the warehouse." As answers to the hypothetical questions, "*Where* did you injure your wrist?" and "*How* did you injure your wrist?," the response "I did it while at work here in the warehouse" is not precise or articulate, but it is an answer.

Typically, the answer to a question asking "where" an injury occurred is a noun stating a location, and the answer to a question asking "how" an injury occurred is a narrative describing events. "While at work here in the warehouse," which, I emphasize, is the answer necessarily implied by claimant's written entry in employer's logbook, states both a location and an event. The fact that, in some circumstances, two inquiries may be answered by a single reply does not make the inquiries generically redundant, so long as there are other circumstances in which the inquiries could elicit distinct responses. In my opinion, claimant's entry satisfactorily (albeit vaguely) answers the statutory questions. I would therefore reverse.[1]

---

[1] Neither this dissent nor the majority takes a position on whether claimant could have succeeded by raising an argument that employer was estopped from basing a denial on claimant's method of reporting his injury where claimant followed employer's stated reporting policy.