Argued and submitted September 28, 2020, affirmed December 1, 2021

In the Matter of the Compensation of
Azam Ansarinezhad, Claimant.
DOUBLE TREE HOTEL/
Aimbridge Hospitality,
*Petitioners,*

*v.*

Azam ANSARINEZHAD,
*Respondent.*

Workers' Compensation Board
1702232; A172330

504 P3d 41

Employer petitions for judicial review of a final order of the Workers' Compensation Board (the board) that affirmed an administrative law judge's (ALJ) order to set aside employer's denial of claimant's injury claim. Employer denied the claim on the ground that claimant had failed to give timely notice under ORS 656.256. The issue on review is the intended meaning of the phrase "notice required by this section" in ORS 656.265(4), and whether it refers to notice of an accident or to notice of a claim. *Held*: The plain and unambiguous text of the statute, in its context, provided that the phrase "notice required by this section" referred to notice of an accident, which claimant timely provided. Accordingly, the board did not err in affirming the ALJ's order to set aside employer's denial.

Affirmed.

Katherine M. Caldwell argued the cause for petitioners. Also on the briefs was Babcock Holloway Caldwell & Stires.

Spencer D. Kelly argued the cause for respondent. Also on the brief was Welch, Bruun & Green.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

JAMES, J.

Affirmed.

**JAMES, J.**

Employer petitions for judicial review of a final order of the Workers' Compensation Board that affirmed an administrative law judge's (ALJ) order to set aside employer's denial of claimant's injury claim. Employer had denied the claim on the ground that claimant had failed to give timely notice under ORS 656.256. The issue on judicial review is the meaning of the phrase "notice required by this section" in ORS 656.265(4), and whether it refers to notice of an accident or to notice of a claim. We agree with the board's conclusion that the phrase refers to notice of an accident, which claimant timely provided, and we therefore affirm the board's order setting aside the denial.

The relevant facts are not in dispute. Claimant worked as a housekeeper for the employer. Sometime in January 2016, claimant injured her left shoulder at work. After about a week, she orally informed the employer of her injury. Another worker was assigned to assist claimant with her job duties, but no paperwork was filled out at that time for a workers' compensation claim.[1] Claimant commenced a course of medical treatment and eventually underwent surgery in 2017. On March 9, 2017, claimant filed a written claim for compensation. The employer denied the claim on the basis of untimely notice under ORS 656.265(4).

Claimant requested a hearing. Before the ALJ, claimant and employer offered different interpretations of ORS 656.265. Claimant contended that she had given timely notice of her injury to the employer within 90 days after the work incident pursuant to ORS 656.265(1). In response, employer argued that although claimant provided notice of the accident, claimant's claim was untimely because she failed to submit a formal notice of a claim within one year of her injury, as required by ORS 656.265(4). The ALJ rejected employer's timeliness defense and set aside the denial, holding that ORS 656.265(4) does not add the requirement that claimant must provide notice of a claim within one year of an injury. Employer appealed to the board, which adopted

---

[1] Claimant informed her treating physician that she did not want to file a claim due to her concerns of losing the job.

and affirmed the ALJ's order to set aside employer's denial. Employer now seeks judicial review of the board's final order.

We review the board's legal conclusions for legal error, and its determinations on factual issues for substantial evidence, which includes substantial reason. ORS 183.482(8)(a), (c); *SAIF v. Camarena*, 264 Or App 400, 404, 332 P3d 341 (2014). "Substantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make that finding." *Camarena*, 264 Or App at 404. (Internal quotation marks omitted.) We review the board's interpretation of a statute for legal error. *See State v. Spainhower*, 251 Or App 25, 27, 283 P3d 361 (2012) (stating standard of review for questions of statutory interpretation).

On judicial review, employer renews its contention that claimant's claim for compensation was untimely filed and therefore, should be barred by ORS 656.265.[2] The parties' dispute boils down to a question of statutory interpretation, focusing on the meaning of "notice as required by this section" in ORS 656.265(4). Employer contends that the "notice" in subsection (4) refers to notice of a *claim*, not notice of an *accident*. According to the employer, subsection (4) contemplates a one-year time limit for giving notice of a claim independent of the period for providing notice of an accident resulting in an injury under ORS 656.265(1). To determine the intended meaning of a statute, we use the analytic framework set forth in *State v. Gaines*, which requires us to look to the text of the statute in its context along with helpful legislative history. 346 Or 160, 171-72, 206 P3d 1042 (2009).

ORS 656.265 provides, in relevant part:

"(1)(a)   Notice of an accident resulting in an injury or death shall be given immediately by the worker or a beneficiary of the worker to the employer, but not later than 90 days after the accident. The employer shall acknowledge forthwith receipt of such notice. * * *

"(2)   The notice need not be in any particular form * * *.

_____

[2] It is undisputed that a worker's *oral* notice is sufficient under ORS 656.265(1). *Godfrey v. Fred Meyer Stores*, 202 Or App 673, 124 P3d 621 (2005), *rev den*, 340 Or 672 (2006).

"(3) Notice shall be given to the employer by mail, addressed to the employer at the last-known place of business of the employer * * *.

"(4) Failure to give notice as required by this section bars a claim under this chapter unless the notice is given within one year after the date of the accident * * *."

The statutory language is clear that the notice to which ORS 656.265(4) refers is of an accident and not a claim. The text of ORS 656.265(4) provides that a claim is barred if "notice *as required by this section* [*i.e.*, ORS 656.265(1), (2) and (3)]" is not given, unless one of the exceptions is applicable. Textually, ORS 656.265(1) explicitly states that the notice a worker is required to give is "notice of an *accident* resulting in an injury or death." The requirements for the methods and delivery of such notice are provided in ORS 656.265(2) and (3). Subsection (2) provides, in relevant part, that "[t]he notice need not be in any particular form." The use of the definite article suggests that "the notice" refers to "the notice of an accident" mentioned in the immediately preceding subsection. *Vsetecka v. Safeway Stores, Inc.*, 337 Or 502, 508, 98 P3d 1116 (2004) (discussing that ORS 656.265(2) addresses the form and contents of notice of an accident that results in an injury or death required by ORS 656.265(1)). Subsection (3) provides that "[n]otice shall be given to the employer by mail, addressed to the employer * * *." Although the definite article is not used, it follows logically that "notice" refers to the same notice that is mentioned in subsections (1) and (2) as subsection (3) further specifies to whom an injured worker must give notice of an accident for the purpose of satisfying the notice requirement under ORS 656.265.

Employer contends that the "notice" and the one-year limitation period in subsection (4) refer to the notice of the filing of a claim rather than an accident, relying primarily on the legislative history of 1995 amendments to ORS 656.265. We have reviewed the legislative history of the statute and found pieces both supporting and undercutting employer's interpretation. However, "[e]ven assuming that the legislative history supported claimant's interpretation, we are required not to construe a statute in a way that is inconsistent with its plain text." *Suchi v. SAIF*, 238 Or

App 48, 55, 241 P3d 1174 (2010), *rev den*, 350 Or 231 (2011); *see also Gaines*, 346 Or at 173 ("When the text of a statute is truly capable of having only one meaning, no weight can be given to legislative history that suggests—or even confirms—that legislators intended something different.").

The plain and unambiguous text of the statute shows that the only plausible reading of the phrase "notice as required by this section" under subsection (4) is that such notice refers to the "notice of an accident" described in the preceding subsections (1), (2), and (3). Accordingly, the board did not err in holding that ORS 656.265(4) does not bar a claim filed by a claimant over a year after the date of injury, if the claimant has given timely notice of the accident pursuant to the other provisions of ORS 656.265. Here, employer conceded that it had timely notice of an accident resulting in an injury from claimant under ORS 656.265(1)(a). Therefore, the board did not err in setting aside employer's denial on the basis that claimant provided timely notice to the employer under ORS 656.265.

Affirmed.