310 January 24, 2024 No. 39

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SEIU LOCAL 503, OPEU,
*Respondent,*
*Cross-Petitioner,*

*v.*

ST,
*Petitioner,*
*Cross-Respondent.*

Employment Relations Board
UP02421; A179824

Argued and submitted November 16, 2023.

Rebekah C. Millard argued the cause for petitioner-cross-respondent. Also on the opening brief was James G. Abernathy.

Stacey Leyton argued the cause for respondent-cross-petitioner. Also on the briefs were Zoe Palitz and Altshuler Berzon, LLP; and Jared Franz.

Before Tookey, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

KAMINS, J.

Affirmed on petition and on cross-petition.

**KAMINS, J.**

This petition for judicial review is about whether the Employment Relations Board (ERB) had authority to address a public employee's challenge to a union's deduction of about six weeks of union dues from her paycheck after she resigned her union membership. Petitioner Staci Trees seeks reversal of an ERB order determining that ERB has jurisdiction over disputes regarding authorization for union dues deductions and resolving the dues deduction dispute in favor of Service Employees International Union Local 503 (the Union). The Union cross-petitions, challenging ERB's dismissal of its unfair labor practice (ULP) claim against petitioner. We review ERB's order for substantial evidence, substantial reason, and legal error, ORS 183.482(8), and affirm.

We draw our summary of the facts from ERB's findings. In 2009, petitioner signed a union membership card when she began working for the Oregon Department of Transportation. Over 11 years later, petitioner sent a letter to the Union seeking to resign her union membership. At that time (and per her request), the Union provided her with a copy of her membership and dues authorization agreement signed in March 2016. The Union notified petitioner that she had submitted her resignation request outside the window for terminating dues as stated in the 2016 agreement, meaning that petitioner was required to continue paying union dues for the next two months. The Union also explained to petitioner that it would retain her request and process it during the dues termination window.

Petitioner denied having signed the 2016 agreement and filed a federal lawsuit against the Union alleging fraud, racketeering, and civil rights violations. In response, the Union filed a claim with ERB to resolve whether petitioner had indeed signed the 2016 agreement authorizing dues deductions. The Union also alleged that petitioner had committed a ULP by refusing to honor her agreement and by filing preempted state law claims in federal court. Petitioner challenged ERB's jurisdiction, first in an informal response with the Administrative Law Judge (ALJ), then in a motion to dismiss that was referred to ERB, and finally in a motion

filed in federal court. At each juncture, petitioner's objections to ERB's jurisdiction were rejected.

Following a three-day hearing, an ALJ determined that petitioner had signed the 2016 agreement and was bound by its terms. ERB affirmed the ALJ's recommendation, and both petitioner and the Union seek review of that order.

Petitioner's first assignment of error challenges ERB's jurisdiction to determine the validity of the 2016 agreement. An administrative agency's "[j]urisdiction depends on whether the matter is one that the legislature has authorized the agency to decide." *Multnomah County Sheriff's Office v. Edwards*, 361 Or 761, 778, 399 P3d 969 (2017) (internal quotation marks omitted). Relevant to this petition, the legislature had authorized ERB to resolve disputes "between the public employee and the labor organization regarding the existence, validity or revocation of an authorization for the deductions and payment [of dues]," and has provided that "the dispute shall be resolved through an unfair labor proceeding under ORS 243.672." ORS 243.806(10)(a). ERB determined that it had jurisdiction under ORS 243.806(10)(a) to resolve the question of whether petitioner had signed the 2016 agreement. We review ERB's interpretation of ORS 243.806(10)(a) for legal error. ORS 183.482(8)(a).

Petitioner contends that ERB lacked jurisdiction to decide whether her union membership agreement was valid because, in her view, ERB's jurisdiction is limited to deciding ULP claims as defined in ORS 243.672. Here, because the factual dispute regarding the authenticity of the signature of the union membership agreement did not relate to a ULP claim, petitioner contends that ERB should have dismissed the claim. In response, the Union argues that the statute grants ERB jurisdiction to resolve disputes regarding the existence of authorizations for deductions of dues and does not limit that jurisdiction to claims alleging ULPs.

When interpreting statutes, "our task is to discern the intent of the legislature." *Black v. Coos County*, 288 Or App 25, 29, 405 P3d 178 (2017). "Our starting point is the

text and context of the statute, because the best evidence of the legislature's intent is the text itself." *Id.* (internal citations omitted). We give words of common usage their "plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). After examining text and context, we review legislative history that is useful to our analysis. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

We begin with the relevant text of the statute:

> "If a dispute arises between the public employee and the labor organization regarding the existence, validity or revocation of an authorization for the deductions and payment [of dues], the dispute shall be resolved through an unfair labor practice proceeding under ORS 243.672."

ORS 243.806(10)(a). It does not appear contested that a "dispute" exists as described in ORS 243.806(10)(a)—the Union asserted that petitioner signed a membership agreement in March 2016 entitling it to deduct dues for about six weeks after her resignation from the union while petitioner denies that she ever signed that agreement. The question then is whether ORS 243.806(1) requires the assertion of a ULP claim as defined in ORS 243.672 for ERB to exercise its jurisdiction.

The plain text of ORS 243.806(10)(a)—"the dispute shall be resolved *through* an unfair labor *proceeding*" (emphases added)—grammatically and logically signifies that ERB shall resolve dues deduction authorization disputes as ULP proceedings—not that a ULP *claim*, as defined in ORS 243.672, must be asserted. ORS 243.806(10)(a). To avoid that common-sense reading, petitioner argues for a construction that would require a dispute relating to an authorization for deduction of dues to be part of a separate claim for a ULP, as defined in ORS 243.672. That construction would render ORS 243.806(10)(a) superfluous, as ERB already has authority to resolve factual disputes that arise in ULP claims. *See State v. Cloutier*, 351 Or 68, 98-100, 261 P3d 1234 (2011) (A statutory interpretation "that renders a statutory provision meaningless should give us pause, both as a matter of respect for a coordinate branch of government that took the trouble to enact the provision into law and

as a matter of complying with [interpretive principles].”); *Vsetecka v. Safeway Stores, Inc.*, 337 Or 502, 510, 98 P3d 1116 (2004) (“When, as in this case, a statute contains multiple provisions, ORS 174.010 directs us to read those provisions, if possible, in a way that will give effect to all of them.”). The statute does not state that dues deduction disputes can be resolved before ERB *only* in the context of “an unfair labor practice” claim under ORS 243.672, which would have been a straightforward way to describe the reading advanced by petitioner.

Context strengthens our reading. ORS 243.806(1)[1] and (2)[2] authorize a public employee and a union to enter into a dues-deduction agreement and require a public employer to make deductions in accordance with that agreement. Those provisions describe general dues deduction authorizations and do not refer to ULPs. ORS 243.806(10) then provides a remedy for resolving disputes arising out of dues deduction authorizations. The context and plain text of the statute explicitly provide ERB with authority to resolve disputes regarding authorization for the deduction of dues between public employees and a labor organization by way of an unfair labor proceeding.

Petitioner contends that ORS 243.766 and ORS 243.676(3), together, provide context for the construction that ERB’s jurisdiction is limited to resolving ULP claims. ORS 243.766(3) grants ERB jurisdiction to “[c]onduct proceedings on complaints of unfair labor practices.” And, pursuant to ORS 243.676(3)(a), “[w]here the board finds that the person named in the complaint has not engaged in or is not engaging in an unfair labor practice, the board shall * * * [i]ssue an order dismissing the complaint * * *.” Petitioner

---

[1] ORS 243.806(1):

“A public employee may enter into an agreement with a labor organization that is the exclusive representative to provide authorization for a public employer to make a deduction from the salary or wages of the public employee, in the manner described in subsection (4) of this section, to pay dues, fees and any other assessments or authorized deductions to the labor organization or its affiliated organizations or entities.”

[2] ORS 243.806(2):

“A public employer shall deduct the dues, fees and any other deduction authorized by a public employee under this section and remit payment to the designated organization or entity.”

argues that those statutes limit ERB's authority to consider claims that do not involve a ULP. But that construction overlooks the explicit statement in ORS 243.806(10) that disputes concerning authorization for dues deductions are to be resolved *through* a ULP proceeding. Simply stated, although it does not itself constitute a ULP claim, a dispute relating to authorization of union dues deductions is to be brought to ERB as a ULP proceeding.

The legislative history supports our construction of the statute. ORS 243.806(10) was added to the Public Employee Collective Bargaining Act (PECBA) as part of House Bill (HB) 2016 (2019), an expansive piece of legislation dealing with labor relations in the wake of the United States Supreme Court's decision in *Janus v. AFSCME, Council 31*, 585 US __, 138 S Ct 2448, 201 L Ed 2d 924 (2018). The bill included multiple amendments to PECBA, including a comprehensive scheme regarding dues deductions for public employees, labor organizations, and public employers. Part of that comprehensive scheme is Section 6 of HB 2016, which is codified at ORS 243.806(10). As ERB has explained, "The legislative history of ORS 243.806 also supports a conclusion that the intent of the statute was to prevent unauthorized dues deductions from public employees[.]" *Alexander v. Amalgamated Transit Union, Div. 757*, UP-022-20, 18-19 (2021).

The proponents of Section 6 of HB 2016 explained that the purpose of the provision was to "provide[] a clear and efficient dispute resolution process, through [ERB], for employees and unions to resolve disagreements over the status of deduction authorizations." Testimony, House Committee on Business and Labor, HB 2016, Mar 11, 2019, https://olis.oregonlegislature.gov/ (statement of Noah Barish) (accessed Nov 2, 2023). Barish, a labor attorney, explained to the legislators,

> "There's also a dispute resolution provision in this bill and that's a benefit to all parties involved. We see that currently disputes are being litigated in civil court over deduction issues and this bill will allow those disputes to be processed through [ERB] through [a ULP] proceeding which is much more prompt and cost-effective."

Audio Recording, House Committee on Business and Labor, HB 2016, Mar 11, 2019, at 14:04 (comments of Noah Barish), https://olis.oregonlegislature.gov (accessed Nov 2, 2023). He also stated, "Overall, there is an intention here to ensure that an individual employee's deduction decisions are a private matter between them and the union." *Id*. at 14:32; *see also* Audio Recording, Senate Committee on Workforce, HB 2016, Apr 18, 2019, at 32:00 (comments of Adam Arms), https://olis.oregonlegislature.gov (accessed Nov 2, 2023) (describing how the union is now tasked with dues deduction record keeping and explaining that "Section 6 provides a clear and efficient dispute resolution process through [ERB] to deal with disagreements over the status of dues deductions"). No testimony before either Committee suggests that ERB's power to resolve disputes regarding dues deductions depends on the existence of a statutorily defined ULP.

Petitioner points to testimony that, in her view, challenges that reading. Jeffrey Chicoine, representing the Oregon Public Employer Labor Relations Association, commented,

> "[The bill] puts public funds at the risk of recordkeeping errors of the union. This is a very real concern given potential liability to the public employers for the full panoply of damages available in federal civil rights actions, including attorney fees. For this reason, public employers have been counseled by both lawyers and auditors to have unions provide copies of authorizations of requests for withholdings of wages whether for dues or other purposes."

Testimony, House Committee on Business and Labor, HB 2016, Mar 7, 2019, https://olis.oregonlegislature.gov (accessed Dec 15, 2023). According to petitioner, Chicoine's statements express concern that HB 2016 would increase potential employer liability under state and federal law—for actions that are, as petitioner interprets Chicoine's comments, outside ERB's jurisdiction. However, the comments identified by petitioner address a different provision of the statute—specifically, the requirement now contained in ORS 243.806(7) that, in Chicoine's words, employers "withhold and remit funds without a union showing the employer the authorization (or read literally) even without the union

having such an authorization" and thus have no bearing on our construction of ORS 243.806(10). *Id*.

We conclude that the text, context, and legislative history of ORS 243.806(10) reflect the legislature's intent to assign to ERB authority to resolve disputes regarding an authorization for dues deductions independent of a ULP claim.

In her second assignment of error, petitioner challenges ERB's finding that she signed the 2016 dues agreement. We review ERB's decisions for substantial evidence. *Oregon AFSCME Council 75 v. OJD - Yamhill County*, 304 Or App 794, 818, 469 P3d 812, *rev den*, 367 Or 75 (2020). "Substantial evidence to support a finding of fact is evidence that, viewing the record as a whole, would permit a reasonable person to make that finding." *Id*. (internal quotation marks omitted); ORS 183.482(8)(c).

Here, substantial evidence supports ERB's finding that petitioner signed the 2016 agreement. The Union presented first-hand witness testimony that petitioner signed the membership agreement on March 22, 2016, and supported that testimony with testimony from other Union witnesses, contemporaneous documentary evidence, and the opinion of a handwriting expert that ERB found to be more persuasive than petitioner's expert. The Union also presented evidence that it would not have been possible for petitioner's signature to have been forged under the factual circumstances.

Petitioner identifies competing evidence that, in her view, supports a finding that she did not sign the 2016 agreement. But in light of the breadth of evidence supporting ERB's finding, competing evidence in this case does not signify an absence of substantial evidence. *See Gaylord v. Driver & Motor Vehicle Services Division*, 283 Or App 811, 822, 391 P3d 900 (2017) ("Review for substantial evidence is review to determine whether a reasonable person could have made the findings supporting the decision, not whether a reasonable person could have made different findings." (Internal quotation marks omitted.)). Petitioner also argues that ERB incorrectly assigned the burden of proof, but the

record reflects that ERB correctly placed the burden on the Union to prove by a preponderance of evidence that petitioner signed the 2016 agreement.

Moreover, petitioner's argument challenging the reliability of certain witnesses fails, as we are not tasked with reweighing the evidence or reassessing the credibility of the witnesses. *See Oregon AFSCME Council 75*, 304 Or App at 818 ("This court does not weigh the evidence anew or otherwise judicially interfere with how ERB evaluates, weighs, and balances competing criteria to reach a decision."); *Gaylord*, 283 Or App at 822 ("A substantial evidence review does not entail or permit the reviewing tribunal to reweigh or to assess the credibility of the evidence that was presented to the factfinding body." (Internal quotation marks omitted.)).

Petitioner takes issue with ERB's exclusion of testimony by other Union-represented employees suggesting that the Union habitually forges signatures of unwilling employees. Assuming that the argument was preserved, the evidence was properly excluded, because it was not relevant to the question of whether petitioner signed the 2016 agreement, and the evidence related to different bargaining units, different organizers, and different devices. We conclude that substantial evidence in the record supports ERB's finding that petitioner signed the 2016 agreement authorizing dues deductions.

Finally, in her third assignment of error, petitioner argues that ERB's resolution of the dispute violated her constitutional right to file a federal suit against the Union. However, ERB did not address petitioner's pending federal claims, and did not preclude petitioner from filing a federal action. Nor did ERB determine the preclusive effect of its findings on petitioner's pending federal claims; as petitioner acknowledges, the determination of the preclusive effect of any part of ERB's decision is a question for the federal court. *See, e.g.*, *Astoria Federal Savings & Loan Association v. Solimino*, 501 US 104, 106, 111 S Ct 2166, 115 L Ed 2d 96 (1991) (determining the preclusive effect of state agency findings in federal court).

In its assignment of error on cross-petition, the Union contends that ERB erred in dismissing its ULP claim against petitioner. Under ORS 243.672(2)(c), a public employee commits a ULP when the employee "[r]efuse[s] or fail[s] to comply with any provision of ORS 243.650 to 243.809." ORS 243.806(6) provides that an "employee's authorization for * * * deduction" of union dues "shall remain in effect until the public employee revokes the authorization in the manner provided by the terms of the agreement." According to the Union, petitioner "[r]efuse[d] * * * to comply" with the terms of her dues authorization by denying its existence and seeking a refund of dues. ERB found that the language of the statute does not preclude employees from challenging the validity of their authorizations. We find no error with that conclusion, on this record, and we conclude that ERB did not err in dismissing the Union's ULP claim.

Affirmed on petition and on cross-petition.